Filed 8/27/25  P. v. Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ISRAEL PHILLIP LOPEZ,<br><br>  Defendant and Appellant. | G064938<br><br>(Super. Ct. No. 23CF3191)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Larry Yellin, Judge. Affirmed.

        Lara Gressley, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Israel Phillip Lopez appeals from a judgment following a jury trial. After examining the record, his appointed appellate counsel filed a brief setting forth the facts of the case but raising no issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Lopez has not filed a supplemental brief. Having reviewed the record independently, we affirm.

FACTS

California Highway Patrol Officer Anthony Vizcarra received an alert that a nearby U-Haul van had been reported stolen. Vizcarra followed the U-Haul and, after confirming it was stolen, signaled the driver to pull over. The driver did not stop and a pursuit ensued, during which the U-Haul hit the side mirrors of three vehicles. While in pursuit, Vizcarra observed that the driver had a half-sleeve tattoo on his left arm and a large all-gold watch on his wrist.

The U-Haul eventually stopped and the driver fled on foot. Shortly after, the owner of a nearby residence noticed a man in his backyard repeatedly getting in and out of the pool. The owner called the police, who responded to the scene and apprehended Lopez. When Vizcarra arrived at the residence, he identified Lopez as the driver of the U-Haul based largely on the half-sleeve tattoo on his arm. Lopez was naked and not wearing a watch.

The homeowner later found a large gold watch in his backyard and turned it in to police. Vizcarra examined the watch and determined that it was the same watch the driver of the U-Haul had worn. The watch was booked as Lopez's personal property, rather than evidence, and because no one came to retrieve it, it was later destroyed. Lopez was charged with evading an officer while driving recklessly, receiving stolen property, and three counts of hit and run with property damage.

Before trial, the trial court denied defense counsel's motion to dismiss the charges or exclude evidence based on the destruction of the watch. But the court later instructed the jury that the improper destruction of evidence could support an adverse inference.

At trial, Vizcarra testified about the pursuit. Over defense counsel's objection, he also testified about his prior identification of Lopez and the watch. The homeowner testified about Lopez's conduct in his backyard and about the watch he later found. A U-Haul representative testified that the vehicle had been stolen from the company's lot. Over defense counsel's relevance objection, the jury also viewed security footage from the night it was stolen. The video showed two people reaching into the company's key dropbox and walking toward the dropoff vehicle lane, followed by a vehicle driven off the lot.

The jury found Lopez guilty as charged, and the trial court sentenced him to two years in prison.

## DISCUSSION

After examining the record, appointed appellate counsel filed a brief raising no issues but asking this court to independently review the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738. This court granted Lopez 30 days to submit a supplemental brief raising any argument he wished this court to consider. We received no response.

To assist this court with its independent review, Lopez's appellate counsel identified two issues that might arguably support an appeal: (1) whether the trial court properly admitted the video of the U-Haul being stolen off the lot; and (2) whether Vizcarra's in-field identification of Lopez was unlawful.

3

Neither issue is arguable. The video was relevant to the receiving stolen property charge, to show that the U-Haul was stolen and, if the jury identified Lopez in the video, that he knew it had been stolen. As for the in-field identification, this procedure is generally *encouraged* "because the element of suggestiveness inherent in the procedure is offset by the reliability of an identification made while the events are fresh in the witness's mind, and because the interests of both the accused and law enforcement are best served by an immediate determination as to whether the correct person has been apprehended." (*In re Carlos M.* (1990) 220 Cal.App.3d 372, 387.)

We have reviewed the information counsel provided and have independently examined the record. We found no arguable issues. (*People v. Wende, supra*, 25 Cal.3d 436.)

DISPOSITION

The judgment is affirmed.

SCOTT, J.

WE CONCUR:

GOODING, ACTING P. J.

BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4